**WO** RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Trosker James Roberts, | ) | No. CV-05-1448-PHX-SMM (JRI) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Arpaio, | ) | |
| Defendant. | ) | |

Trosker James Roberts (Plaintiff), presently confined in the Maricopa County Durango Jail in Phoenix, Arizona (Durango Jail), filed with the Clerk of the Court a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983. This action is one of more than one thousand (1,000) lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations.

Plaintiff has not paid a filing fee, but he has filed a certified "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" (Application To Proceed) and an "Inmate Account Statement" (Account Statement) with his Complaint.

**APPLICATION TO PROCEED IN FORMA PAUPERIS AND FILING FEE**

Plaintiff's certified Application To Proceed and Account Statement filed with the Complaint make the showing required by 28 U.S.C. § 1915(a). Accordingly, Plaintiff's

**TERMPSREF** - 1 -

Application to Proceed will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the two hundred and fifty dollar ($250.00) statutory filing fee. Based on the average monthly deposits in Plaintiff's account for two (2) months preceding the filing of the Complaint, an initial partial filing fee of one dollar and eleven cents ($1.11) will be assessed by this Order. 28 U.S.C. § 1915(b)(1).

By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, Plaintiff will be obligated for monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within one hundred and twenty (120) days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within one hundred and twenty (120) days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

## STATUTORY SCREENING OF PRISONER COMPLAINTS

The Court is required to screen complaints or amended complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

**TERMPSREF** - 2 -

**COMPLAINT**

Plaintiff alleges three (3) counts in his Complaint. (Complaint at 4-6).

Named as Defendant in the Complaint is Joseph Arpaio, Maricopa County Sheriff. (Complaint at 1-2).

Plaintiff seeks inspection and correction of Eighth Amendment violations, contempt sanctions, general equitable relief, and compensatory and punitive monetary damages. (Complaint at 7).

**DISCUSSION**

**Count I**

In Count I of the Complaint, Plaintiff claims that his Eighth Amendment rights are being violated because Defendant Joseph Arpaio "took away one meal." (Complaint at 4).

To state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an affirmative link between an alleged injury and the conduct of an individual Defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). However, Plaintiff has failed to allege in Count I that he was injured in any way by the denial of "one meal." (Complaint at 4).

Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3rd Cir. 1979). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Ivey, 673 F.2d at 268. Accordingly, Count I of the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**Count II**

In Count II of the Complaint, Plaintiff claims that his Eighth Amendment rights are being violated by overcrowding that threatens his safety. (Complaint at 5).

Liberally construed, Plaintiff's Count II adequately states a claim for relief under the

**TERMPSREF** - 3 -

1 Eighth Amendment.  Accordingly, the Court will call for an answer from Defendant Joseph
2 Arpaio to Count II of the Complaint.
3    **Count III**
4    In Count III of the Complaint, Plaintiff claims that his Eighth Amendment rights are being
5 violated by the denial of adequate medical care.  (Complaint at 6).
6    Liberally construed, Plaintiff's Count III adequately states a claim for relief under the
7 Eighth Amendment.  Accordingly, the Court will call for an answer from Defendant Joseph
8 Arpaio to Count III of the Complaint.
9                    **RULE 41(b) WARNING**
10    Plaintiff should take notice that if he fails to timely comply with every provision of this
11 Order, or any order of the Court entered in this matter, the action and Complaint will be
12 dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.   See Ferdik v.
13 Bonzelet, 963 F.2d 1258 (9th Cir. 1992) (stating that a district court may dismiss action for
14 failure to comply with any order of the court).
15    **IT IS THEREFORE ORDERED:**
16    (1)  That Plaintiff's "Application to Proceed In Forma Pauperis By A Prisoner Civil (Non-
17 Habeas)" filed with the Complaint is GRANTED;
18    (2)  That Plaintiff is OBLIGATED to pay the statutory filing fee of two hundred and fifty
19 dollars ($250.00) for this action.  Plaintiff is ASSESSED an initial partial filing fee of one
20 dollar and eleven cents ($1.11).  All fees shall be collected and paid in accordance with this
21 Court's Order to the Maricopa County Sheriff filed concurrently herewith;
22    (3)    That Count I of the Complaint (Document #1) is DISMISSED WITHOUT
23 PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state
24 a claim upon which relief may be granted;
25    (4)  That Defendant Joseph Arpaio is REQUIRED TO FILE an answer to Counts II and
26 III of the Complaint;
27    (5)  That the Clerk of the Court is DIRECTED to send Plaintiff a service packet, including
28 **TERMPSREF**                                 - 4 -

1  a copy of this Order, a copy of the Complaint (Document #1), and both summons and request
2  for waiver forms for Defendant Joseph Arpaio;
3      (6)  That Plaintiff SHALL COMPLETE AND RETURN the service packets to the Clerk
4  of the Court within twenty (20) days of the date of filing of this Order.  The United States
5  Marshal will not provide service of process if Plaintiff fails to comply with this Order;
6      (7)  That if Plaintiff does NOT either obtain a waiver of service of summons or complete
7  service of the summons and Complaint on Defendant within one hundred and twenty (120)
8  days of the date the Complaint was filed, or within sixty (60) days of the filing of this Order,
9  whichever is later, the ACTION MAY BE DISMISSED as to Defendant pursuant to Rule
10 4(m) of the Federal Rules of Civil Procedure and Rule 16.2(b)(2)(B)(i) of the Local Rules
11 of Civil Procedure (LRCiv);
12     (8)  That the United States Marshal SHALL RETAIN the summons, a copy of the
13 Complaint (Document #1), and a copy of this Order for future use;
14     (9)  That the United States Marshal SHALL NOTIFY Defendant Joseph Arpaio of the
15 commencement of this action and REQUEST WAIVER OF SERVICE pursuant to Rule 4(d)
16 of the Federal Rules of Civil Procedure.  The notice to Defendant shall include a copy of this
17 Order. The Marshal shall file waivers of service of the summons or requests for waivers that
18 are returned as undeliverable as soon as they are received.  If a waiver of service of summons
19 is not returned by Defendant to the Marshall within thirty (30) days from the date the request
20 for waiver was sent by the Marshal, the Marshal shall:
21         (a) Personally serve copies of the summons, Complaint (Document #1), and
22         this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules
23         of Civil Procedure;
24         (b) Within ten (10) days after personal service is effected, file the return of
25         service for the Defendant, along with evidence of the attempt to secure a
26         waiver of service of the summons and of the costs subsequently incurred in
27         effecting service upon the Defendant.  The costs of service shall be
28 **TERMPSREF**                                - 5 -

1  enumerated on the return of service form (USM-285) and shall include the
2  costs incurred by the Marshal for photocopying additional copies of the
3  summons, Complaint, or this Order and for preparing new process receipt and
4  return forms (USM-285), if required. Costs of service will be taxed against
5  the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the
6  Federal Rules of Civil Procedure, unless otherwise ordered by the Court;

7  (10)  **That if Defendant agrees to waive service of the summons and Complaint, he**
8  **SHALL RETURN the signed waiver form to the United States Marshal, not to Plaintiff**;

9  (11) That Defendant Joseph Arpaio SHALL ANSWER Counts II and III of the Complaint
10 or otherwise respond by appropriate motion within the time provided by the applicable
11 provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

12 (12)  That a clear, legible copy of every pleading or other document filed SHALL
13 ACCOMPANY each original pleading or other document filed with the Clerk for use by the
14 District Judge or Magistrate Judge to whom the case is assigned. See LRCiv 5.4. **Failure**
15 **to submit a copy along with the original pleading or document will result in the**
16 **pleading or document being stricken without further notice to Plaintiff**;

17 (13) That Plaintiff SHALL SERVE upon Defendant(s), or if appearance has been entered
18 by counsel, upon the attorney, a copy of every further pleading or other document submitted
19 for consideration by the Court. Plaintiff shall include with the original document and copy,
20 to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy
21 of the pleading or document was mailed to Defendant or the counsel. Any paper received
22 by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the
23 Court may be disregarded by the Court;

24 (14) That at all times during the pendency of this action, Plaintiff SHALL
25 IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address
26 and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF
27 ADDRESS." The notice shall contain only information pertaining to the change of address

28 **TERMPSREF**                                  - 6 -

1 and its effective date, except that if Plaintiff has been released from custody, the notice
2 should so indicate. The notice shall not include any motions for any other relief. Plaintiff
3 shall serve a copy of the notice on all opposing parties. Failure to file a NOTICE OF
4 CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute
5 pursuant to Federal Rule of Civil Procedure 41(b);

6 (15) That this matter is referred to Magistrate Judge Jay R. Irwin pursuant to LRCiv 72.1
7 and 72.2 for further proceedings.

8 DATED this 30th day of March, 2006.

```
                           _____
                                   Stephen M. McNamee
                              Chief United States District Judge
```

**TERMPSREF** - 7 -